CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 24, 2011

William James Nicoll, Esq.
Jenkins, Block & Assocs. P.C.
1040 Park Avenue, Ste. 206
Baltimore, MD 21201

Alex Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

**Re: Wesley J. Owens v. Michael J. Astrue, Commissioner of Social Security, PWG-09-899**

Dear Counsel:

Pending before this Court, by their consent, are the parties' Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Owens' claim for Supplemental Security Income ("SSI").(ECF Nos. 8, 16, 28). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Mr. Owens ("Claimant") applied for SSI on March 7, 2001 and December 10, 2002, alleging that he was disabled as of August 2, 2003, due to his status as HIV positive, blood clots in his left leg, hepatitis C, recurrent venous thrombosis, hypertension, neuropathy, and a cognitive disorder. (Tr. 18, 212, 233, 467, 511). His claim was denied initially, and upon reconsideration. (Tr. 135-139). After a hearing on November 28, 2007, before the Honorable Robert W. Young ("ALJ"), the ALJ denied Mr. Owens'

1

claim and concluded in a decision dated February 29, 2008[1], that his HIV was a severe impairment, but that it did not meet, or medically equal, any of the listed impairments ("Listings") found in the Regulations. The ALJ also found that Mr. Owens retained the residual functional capacity ("RFC") to perform a "range of sedentary work[2]" and that he was not able to perform any of his past relevant work ("PRW"). (Tr. 16-27). At the fifth step of the sequential evaluation, after receiving testimony from a vocational expert ("VE"), the ALJ found that there were jobs in the national and local economies in substantial numbers which Mr. Owens could perform[3]. Accordingly, the ALJ found that Claimant was not disabled.(Tr. 16-28). On February 12, 2009, the Appeals Council denied Mr. Owens' request for review, making his case ready for judicial review. (Tr. 8-11). Claimant alleges that the ALJ made two critical errors. As explained below, I conclude that the ALJ's decision is not supported by substantial evidence and therefore will DENY the Commissioner's Motion and will GRANT the Plaintiff's Alternative Motion for Remand.

Claimant argues that the ALJ failed properly to evaluate whether he has a severe mental impairment at step two of the sequential evaluation and also failed to properly analyze his chronic hepatitis C under Listing 5.05F. The Commissioner argues that although the ALJ could have found Mr. Owens' "cognitive disorder" was a severe impairment, the failure to do so at step two is harmless error since the ALJ considered it "part and parcel as part of Mr. Owens HIV infection" and assessed the work related limitations due to this condition at steps four and

---

[1] The ALJ previously issued an unfavorable decision on January 27, 2007 and the case was remanded by the Appeals Council on July 27, 2007. (Tr. 16).

[2] Then ALJ found Claimant's ability to perform sedentary work is limited by: an unlimited ability to push or pull with his arms, but an inability to push or pull using his lower extremities. The claimant is able to occasionally climb balance stoop kneel crouch and crawl he has no manipulative visual or communicative limitations but must avoid concentrated exposure to temperature extremes, wetness, humidity, noise, vibrations, fumes, moving machinery or unprotected heights and he has the ability to perform routine, repetitive, simple tasks. (Tr. 22)

[3] The ALJ found Claimant could perform work as a surveillance monitor and inspector. (Tr. 27).

five. *See* Defendant's Memorandum, pp. 11-12. The Commissioner also acknowledges that the pertinent Listing, 5.05F, as amended, was applicable at the time of the ALJ's decision, but contends that the failure to identify the Listing or discuss it in the ALJ's decision does not warrant a remand[4].

After careful review of the entire record including the transcript of the administrative hearing, I find that at step two of the sequential evaluation, the ALJ failed to adequately discuss evidence which lends support to Claimant's argument that he had a severe mental impairment-- as well as additional severe impairments[5]. I also find the ALJ failed to document whether he applied the criteria set forth in 20 CFR §416.920a.

When a claimant alleges disability due to a mental condition, the Commissioner must follow the evaluative process described in 20 CFR § 416.920a. In this case, however, the ALJ failed to document adequately whether he did so and only presented a summary of evidence at steps four and five. In discussing Mr. Owens' alleged mental impairment the ALJ stated:

> "[L]ouis Decker completed a consultative psychological evaluation [sic]which shows I.Q. results that are lower than expected, based on his testing with treaters. There is some cognitive impairment, but not to the extent found in I.Q. testing. Even if one assumes that the IQ testing is valid, there is no evidence that this level of functioning has been since the developmental period. The claimant lives alone, cooks does laundry and frequently plays spades. This demonstrates an ability to do at least simple tasks. Spades is a complicated game that requires an ability to concentrate."(Tr. 26).

---

[4] Specifically it is argued that "Mr. Owens does not come close to satisfying the heightened standard of disability" required by the Listing. pp. 16-17.

[5] Despite the overwhelming amount of medical evidence that Mr. Owens has limitations by his additional diagnosis of deep venous thrombosis, hepatitis C, chronic fatigue, neuropathy, and cognitive disorder the ALJ only cited one impairment in his enumerated finding number "2.HIV infection." (Tr. 16). This error alone warrants a remand.

3

Simply stated, it is not clear from his decision whether the ALJ properly evaluated all of Claimant's impairments. *See Baker v. Chater*, 957 F. Supp. 75, 79 (D. Md. 1996)(in evaluating the severity of mental impairments a special procedure must be followed by the Commissioner at each level of administrative review). The ALJ did not discuss his findings regarding the rating of Mr. Owens' functional limitations anywhere in his decision.[6] This omission is compounded by the fact that the record contains evidence which supports claimant's argument that he suffers from a severe mental impairment which the ALJ either overlooked or ignored. (Tr. 469-472).

On September 12, 2007, after examining Mr. Owens, Dr. Louis Decker completed a Medical Source Statement of Ability to do work related activities in which he stated, among other things, that Mr. Owens had "marked" limitations: in his ability to understand and remember simple instructions; carry out simple instructions; and in his ability to make judgments on simple work related decisions. *See* Exhibit 14-F (Tr. 469-474). This State Agency Disability Determination Services ("DDS") Consultant's opinions clearly support an argument that Mr. Owen's alleged mental impairments were severe. Furthermore, when

---

[6] 20 CFR §§404.1520a, 416.920a in relevant part, provide:
(3) **We have identified four broad functional areas in which we will rate the degree of your functional limitation: Activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation**.
(4) When we rate the degree of limitation in the first three functional areas (activities of daily living;
social functioning; and concentration, persistence, or pace), we will use the following five-point scale: <u>None, mild, moderate, marked, and extreme</u>. When we rate the degree of limitation in the fourth functional area (episodes of decompensation), we will use the following
four-point scale: None, one or two, three, four or more. The last point on each scale represents a degree of limitation that is incompatible with the ability to do any gainful activity...
 (d) Use of the technique to evaluate mental impairments. After we rate the degree of functional limitation resulting from your impairment(s), we will determine the severity of your mental impairment(s).
 (1) If we rate the degree of your limitation in the first three functional areas as "none" or "mild" and "none" in the fourth area, we will generally conclude that your impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities (see § 404.1521). 20 CFR § 404.1520a (emphasis added).

4

these precise limitations were presented to the VE by Claimant's counsel, the VE testified that the jobs previously identified as ones that Claimant could perform would be eliminated. (Tr. 69). While the ALJ summarized some of Dr. Decker's findings, as noted *supra*, he did not discuss how much weight, if any, he afforded this evidence[7]. (Tr. 21, 26).  Pursuant to the Regulations and Social Security Ruling 96-6p, the ALJ is required to discuss these opinions and how they were evaluated and the reason(s) for having done so.  *See* 20 CFR §404.1527(f), *see also* SSR 96-6p, 1996 WL 374180 (Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions and not simply summarize the reports, as was done here. This error alone warrants a remand.

In sum, there is evidence that supports Claimant's argument that he suffered from a severe mental impairment but this evidence was not discussed by the ALJ.  Accordingly I am not able to say the ALJ's decision is supported by substantial evidence and will remand this case for further consideration. On remand, the ALJ scrupulously will document compliance with 20 CFR §416.920a. With respect to the alleged errors at step three, because I am remanding this case for errors at step two the ALJ will review the medical evidence in accordance with all the pertinent Listings as amended, including but not limited to, 5.05[8].  For the above reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings in accordance with the foregoing Memorandum.  A separate Order shall issue.

```
                    ___/s/_____
                    Paul W. Grimm
                    United States Magistrate Judge
```

---

[7] The ALJ did not actually declare Mr. Owens' IQ test results invalid, but rather referenced Mr. Owens' ability to live alone, cook and clean and play a card game. (Tr. 26).

[8] Because the ALJ's decision lacks the proper discussion regarding the existence and/or severity of Mr. Owens' alleged mental impairment(s) at step two, this error inevitably infects the analysis at all of the subsequent steps. The Court need not address Claimant's additional assignments of error at steps four and five of the sequential evaluation at this time.